# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS SAN ANGELO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **6:19-CR-00039-H-BU(1)** |
| **DOUGLAS STEPHEN GROOVER** | § USM Number: **59489-177** |
| | § **Fred C. Brigman** |
| | § Defendant's Attorney |

### THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | 2 and 6 of the superseding indictment filed December 19, 2019. |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §§ 2251(a) and 2251(e) - Production Of Child Pornography | 10/17/2014 | 2 |
| 18 U.S.C. §§ 2251(a) and 2251(e) - Production Of Child Pornography | 09/18/2015 | 6 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Remaining count(s) are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 12, 2020**
Date of Imposition of Judgment

Signature of Judge

**James Wesley Hendrix**
**United States District Judge**
Name and Title of Judge

**May 12, 2020**
Date

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 2 of 9

DEFENDANT:    DOUGLAS STEPHEN GROOVER
CASE NUMBER:    6:19-CR-00039-H-BU(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

360 months as to count 2.  360 months as to count 6.  The terms shall run consecutively for a total of 720 months.  The combined 720-month sentence shall run concurrently with any sentence imposed in Case No. A-18-1008-SB pending in the 51st District Court, Tom Green County, Texas.

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

        ☐    at            ☐    a.m.    ☐    p.m.    on

        ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal.
        ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

    Defendant delivered on  _____  to

at _____, with a certified copy of this judgment.

                          UNITED STATES MARSHAL

                                  By
                  DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                      Judgment -- Page 3 of 9

DEFENDANT:          DOUGLAS STEPHEN GROOVER
CASE NUMBER:        6:19-CR-00039-H-BU(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **Life as to counts 2 and 6 running concurrently for a total term of Life.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☒   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☒   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 9

DEFENDANT:          DOUGLAS STEPHEN GROOVER
CASE NUMBER:        6:19-CR-00039-H-BU(1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                                 Judgment -- Page 5 of 9

DEFENDANT:        DOUGLAS STEPHEN GROOVER
CASE NUMBER:      6:19-CR-00039-H-BU(1)

## SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall have no unsupervised contact with persons under the age of 18, nor shall the defendant loiter near places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or befriend anyone who has children under the age of 18, without prior permission of the probation officer.

2.   The defendant shall have no contact with the victim(s) or the victim's family, directly or indirectly without prior approval by the probation officer.

3.   The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet.

4.   The defendant shall not utilize or possess a camera, recording device, camcorder, or other similar device during the term of supervised release, without prior approval by the probation officer.

5.   The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

6.   The defendant shall submit to periodic, unannounced examinations of his computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

7.   The defendant shall participate in sex offender treatment services, as directed by the probation officer, until successfully discharged. These services may include psycho-physiological testing (i.e. clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10.00 per month.

8.   It is recommended the defendant pay an assessment pursuant to 18 U.S.C. § 3014 to the United States in the amount of $5,000.00, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, Texas 79401. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. § 3014 remains unpaid, it is recommended the defendant make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $40.00 per month until the fine is paid in full.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 6 of 9

DEFENDANT:          DOUGLAS STEPHEN GROOVER
CASE NUMBER:        6:19-CR-00039-H-BU(1)

9.    Pursuant to the Mandatory Victims Restitution Act of 1996 and the Amy, Vicky, and Andy
      Child Pornography Victims Assistance 2018 Act, the defendant shall pay restitution in the
      amount of $53,000.00, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209,
      Lubbock, Texas 79401, for disbursement to:

                            Amanda Rae Bryant
                         for the benefit of Victim 1
                                P.O. Box 55
                         Water Valley, Texas 76958
                                $50,000.00

                                    and

                        Tanya Hankins, Attorney at Law
                         in Trust for Emily – Victim 2
                           215 Tacoma Avenue South
                          Tacoma, Washington 98402
                                 $3,000.00

      If upon commencement of the term of supervised release any part of the restitution remains
      unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after
      release from custody at the rate of at least $200.00 per month until the restitution is paid in full.

10.   The defendant shall provide to the probation officer any requested financial information.

11.   The defendant shall abstain from the use of alcohol and all other intoxicants during the term of
      supervision.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 7 of 9

DEFENDANT:          DOUGLAS STEPHEN GROOVER
CASE NUMBER:        6:19-CR-00039-H-BU(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $53,000.00 | $.00 | $.00 | $5,000.00 |

☐   The determination of restitution is deferred until       An *Amended Judgment in a Criminal Case (AO245C)* will be entered
    after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18
   U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $53,000.00 to:

   Victim 1
   $50,000.00

   Victim 2
   $3,000.00

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
    the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of
    payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒   the interest requirement is waived for the       ☐   fine       ☒   restitution
    ☐   the interest requirement for the                 ☐   fine       ☐   restitution is modified as follows:


* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 8 of 9

DEFENDANT:          DOUGLAS STEPHEN GROOVER
CASE NUMBER:      6:19-CR-00039-H-BU(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance _____ ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐  C,    ☐  D, or    ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment
to a term of supervision; or

**E**  ☒  Payment of the restitution during the term of supervised release will commence within 60 days after release from custody
at the rate of at least $200.00 per month until the restitution is paid in full.  Payment of the JVTA assessment during the
term of supervised release will commence within 60 days after release from custody at the rate of at least $40.00 per month
until the assessment is paid in full.

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
     **It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 2 and 6 ,
which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                    Judgment -- Page 9 of 9

DEFENDANT:        DOUGLAS STEPHEN GROOVER
CASE NUMBER:      6:19-CR-00039-H-BU(1)

## ADDITIONAL FORFEITED PROPERTY

The defendant shall forfeit to the United States of America: (1) a Nikon camera, Serial No. 30553876; (2) a 16 GB SanDisk Ultra Plus micro SD card; (3) a 32 GB Samsung micro SD card; (4) a Sony Camcorder Handycam, Serial No. 85963; (5) an Acer Chrome book, Serial No. unknown; (6) a LG K540 Stylo 2 cellular telephone, IMSI No. 310150701435124; (7) a HP Pavilion laptop, Serial No. 5CDT20153D; and (8) all other electronic devices containing depictions of child pornography.